■ William Kaufman Organization, Ltd., et al., Appellants, v Graham & James L. L. P. et al., Respondents. [694

NYS2d 32] —Order, Supreme Court, New York County (Barry Cozier, J.), entered March 25, 1999, which denied plaintiffs' motion for a preliminary injunction disqualifying defendants-respondents Graham & James, Kenneth Zuckerbrot and David Findley (collectively, the Graham & James defendants) from continuing to represent defendants Nomura Holding America, Inc., Capital Company of America L. L. C. (CCA), and Nomura Securities International (NSI) (collectively, the Nomura defendants), until final resolution of an action in Supreme Court, New York County entitled *Sage Realty Corp. v Proskauer Rose L. L. P.* (Index No. 119772/96), and enjoining the Nomura defendants from retaining the Graham & James defendants as legal counsel, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the preliminary injunction granted.

The *Proskauer* action against, *inter alia*, Nomura defendant NSI arose from transactions between NSI and attorney Zuckerbrot's former clients, present plaintiffs-appellants Melvyn and Robert Kaufman, and their affiliated companies. Zuckerbrot advised the Kaufmans respecting the transactions at issue in *Proskauer* and provided the Kaufmans with legal assistance in the ensuing litigation. Notwithstanding the pendency of the *Proskauer* action, however, Zuckerbrot announced his intention of severing his attorney-client relationship with the Kaufmans so as to undertake, along with the other Graham & James defendants, the representation of Nomura defendant CCA. Under the circumstances, it would appear that Graham & James's undertaking to represent CCA was in violation of Code of Professional Responsibility DR 5-105 (A) (22 NYCRR 1200.24 [a]) because the interests of Graham & James's former clients, the Kaufmans, as litigated in *Proskauer*, are adverse to those of Nomura defendant NSI and will likely be adverse to those of the other Nomura defendants, including CCA. There is more than a passing relationship between the Nomura defendants, and, as a result of obligations undertaken by CCA when it was formed, it may be required to indemnify NSI for any moneys NSI owes to plaintiffs (the Kaufmans) in the *Proskauer* litigation. There is, then, a genuine potential for conflict between the interests of the Graham & James defendants' former and present clients precluding the latter representation under DR 5-108 (A) (1) (22 NYCRR 1200.27 [a] [1]). Moreover, in light of the events documented herein, it is appropriate to note that an attorney does not have the option of terminating the subsequently established attorney-client relationship where, as here, the evident potential for conflict with the interests of the former client in a matter that had

been the subject of the prior representation is finally realized. Rather, in such circumstances, the new representation simply cannot be undertaken unless consent thereto is received from the prior client pursuant to DR 5-105 (C) (22 NYCRR 1200.24 [c]). Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.